UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
DERWIN L.,

                             Plaintiff,        DECISION AND ORDER
                                                           1:24-cv-05293-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

      In March of 2017, Plaintiff Derwin L.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

      This case was referred to the undersigned on March 17, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 15). For the following reasons, Plaintiff's motion is due to be granted, and this matter is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.  *Administrative Proceedings*

Plaintiff applied for benefits on March 27, 2017, alleging disability beginning June 15, 2016. (T at 17,19).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on May 14, 2019, before ALJ Robert Schriver. (T at 117-49). On October 4, 2019, ALJ Schriver issued a decision denying the application for benefits. (T at 169-84). On August 28, 2020, the Appeals Council granted Plaintiff's request for review and remanded the matter for further proceedings. (T at 187-88).

On December 9, 2020, ALJ Elias Feuer held an administrative hearing. (T at 103-116). Plaintiff appeared *pro se* and testified. (T at 105-15). ALJ Feuer held another hearing on June 17, 2021. (T at 57-102). Plaintiff appeared with an attorney and testified. (T at 60-95, 96-97). The ALJ also received testimony from Whitney Eng, a vocational expert. (T at 96, 97-102).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

ALJ Feuer issued a decision denying the application for benefits on July 2, 2021. (T at 191-217). The Appeals Council granted Plaintiff's request for review on September 28, 2022, and remanded for further proceedings. (T at 218-20).

ALJ Feuer held another administrative hearing on November 14, 2023. (T at 46-56). Plaintiff did not appear (apparently due to telephone difficulties), but did have counsel present. (T at 48-49). The ALJ received testimony from Yaakov Taitz, a vocational expert. (T at 51-56).

B.  *ALJ's Decision*

On January 8, 2024, ALJ Feuer issued a decision denying the application for benefits. (T at 14-38).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 27, 2017 (the date he applied for benefits). (T at 19).

The ALJ concluded that Plaintiff's degenerative disc disease of cervical and lumbar spines, residual bullet fragment in lumbar spine, chronic obstructive pulmonary disease ("COPD"), unspecified bipolar and related disorder, unspecified anxiety disorder, and post-traumatic stress disorder ("PTSD") were severe impairments as defined under the Social Security Act. (T at 19).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 20).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 416.967 (b), with the following limitations: he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; but he must avoid concentrated exposure to dust, odors, fumes, or other pulmonary irritants as those terms are defined by the *Dictionary of Occupational Titles* ("DOT"). (T at 22). In addition, to minimize stress, Plaintiff must not be required to perform production-rate work. (T at 22).

The ALJ concluded that Plaintiff could perform his past relevant work as an auto salesperson. (T at 27).

In addition, the ALJ found that, considering Plaintiff's age (52 on the application date), education (at least high school), work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 28-29).

As such, the ALJ determined that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 27, 2017 (the application date) and

January 8, 2024 (the date of the ALJ's decision). (T at 29). On June 24, 2024, the Appeals Council denied Plaintiff's request for review, making ALJ Feuer's second decision the Commissioner's final decision. (T at 1-6).

C.   *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on July 12, 2024. (Docket No. 1). On December 16, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 15, 16). The Commissioner interposed a brief on February 12, 2025, opposing the motion and requesting judgment on the pleadings. (Docket No. 18). On March 6, 2025, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 19).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises several challenges in support of his request for reversal of the ALJ's decision.  The Court finds a remand necessary for further development of the record regarding Plaintiff's physical and mental limitations.

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted).

This obligation applies even if, as here, the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

A. *Physical Limitations*

As noted above, the ALJ concluded that Plaintiff retained the RFC to perform a range of light work. (T at 22). In reaching this conclusion, the ALJ relied on his assessment of the treatment record and imaging studies, as well as the opinions of two consultative examiners, which the ALJ found had "persuasive value." (T at 26).

Dr. John Fkiaras performed a consultative examination in November of 2017 and assessed moderate impairment in Plaintiff's ability to engage in repetitive heavy lifting, carrying, pushing, pulling, squatting and bending. (T at 828). In July of 2019, Dr. Michael Healy performed a consultative examination and opined that Plaintiff had mild limitation with respect to standing, walking, and climbing stairs. (T at 1007).

Notably, however, it appears neither consultative examiner reviewed Plaintiff's 2014 and 2018 MRIs, which showed bulging discs in the cervical spine with spinal canal stenosis, thecal sac involvement and moderate to severe stenosis, bulging or herniated discs with impingement of the lateral recess and stenosis in the lumbar spine, and impingement of the supraspinatus in the left shoulder. (R. 725, 727-29, 838).

Moreover, the consultative examinations occurred more than 6 and 4 years before the ALJ's decision, respectively.[3]

While "the mere passage of time" does not cause a medical opinion to "expire," a "medical opinion may be stale if subsequent treatment notes indicate a claimant's condition has deteriorated." *Gina D. v. Comm'r of Soc. Sec.*, No. 1:19-CV-01241 (JJM), 2021 WL 1117023, at *4 (W.D.N.Y. Mar. 24, 2021)(citations omitted)(collecting cases).

Here, the treatment record post-dating the consultative examinations documents severe, sustained, worsening pain, aggravated by physical activity, and clinical findings including reduced ranges of motion and decreased strength. (T at 1136, 1146, 1159-61, 1186, 1195, 1199, 1201-

---

[3] The ALJ also assigned some persuasive power to the opinion of Dr. A. Saeed, a non-examining State Agency review consultant, who concluded that Plaintiff could perform a range of light work. (T at 27). However, Dr. Saeed's opinion is based on a review of the record conducted in January of 2018 (T at 160), four years before the ALJ's decision.

02). MRIs from 2020 showed multi-level disc space narrowing, herniation, and bulging. (T at 1170-72).

In addition, in June of 2020, Dr. Lulenesh Belyaneh, a treating physician, opined that Plaintiff was "100%" impaired and unable to work due to persistent pain. (T at 1199). That same year, Dr. Marc Bellatoni, a treating chiropractor, concluded that Plaintiff could not return to work due to persistent pain and reduced range of motion. (T at 1161).

The Commissioner notes (correctly) that the treating providers' statements that Plaintiff was unable to work are not, without more, entitled to any persuasive power. *See* 20 C.F.R. § 404.1520b(c) (statement on an issue reserved to the Commissioner, such as a statement that a claimant is or is not disabled, is evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled.").

Nonetheless, under the circumstances, and particularly given the evidence of persistent pain and limitation, significant findings on imaging studies, and the significant passage of time between the consultative examinations and date of the ALJ's decision, the ALJ should have considered (1) re-contacting the treating providers and requesting functional assessments, (2) ordering updated consultative examinations,

and/or (3) engaging a medical expert to review the (complete) record and testify at a hearing regarding the nature and extent of Plaintiff's limitations.

The ALJ did not undertake, or apparently consider, any of these options, but relied on his own assessment of the treatment record, imaging studies, and Plaintiff's activities in the years following the consultative examinations. This was error requiring remand for further development of the record. *See Amarante v. Commissioner of Social Security*, No. 16-CV-0717, 2017 WL 4326014 at *10 (S.D.N.Y. Sept. 8, 2017) (remanding where ALJ "improperly assume[d] the mantle of a medical expert"); *see also Bienvenido J.P. v. Commissioner of Social Security*, No. 20-CV-9270, 2022 WL 901612, at *5 n. 3 (S.D.N.Y. March 28, 2022) ("The ALJ remains a layperson and should not 'assume the mantle of a medical expert….'"); *Balotti v. Comm'r of Soc. Sec.*, No. 20-CV-8944 (RWL), 2022 WL 1963657, at *6 (S.D.N.Y. June 6, 2022).

B.   *Mental Impairments*

The ALJ's assessment of Plaintiff's mental impairments is undermined by a similar failure to develop the record. The ALJ found that Plaintiff retained the RFC to meet the mental demands of basic work activity, although to minimize stress, he could not be required to perform production-rate work. (T at 22).

In reaching this conclusion, the ALJ relied on consultative psychiatric evaluations from 6 and 4 years prior to his decision, respectively. (T at 26). In November of 2017, Dr. Arlene Broska diagnosed unspecified depressive disorder and unspecified personality disorder with antisocial traits and assessed moderate impairment in Plaintiff's ability to regulate emotions, control behavior, and maintain well-being. (T at 822). In July of 2019, Dr. Anna Huff diagnosed unspecified depressive disorder and unspecified trauma and stressor disorder and opined that Plaintiff had moderate limitation as to regulating emotions, controlling behavior, and maintaining well-being. (T at 958).

Treatment notes post-dating the consultative examinations document diagnoses of bipolar disorder and PTSD, with severe anxiety, recurring nightmares, mood regulation problems, and difficulties with concentration. (T at 1000, 1009, 1011, 1060, 1066, 1353, 1434, 1439-40, 1447, 1542).

In August of 2019, Ashley Bryant, LMSW, a treating social worker, and Dr. George-St. Pierre reported that Plaintiff's "internalized trauma impedes his ability to maintain employment." (T at 1000). In December of 2020, Dr. David Molina, a psychiatrist, wrote a letter noting that Plaintiff had been treating with his clinic since June of 2019 and opining that Plaintiff's "significant psychiatric problems" impaired his ability to function and made

13

work "not realistic." (T at 1011). Treating social worker Nixa Davila certified that Plaintiff was unable to work and should be exempt from participating in temporary assistance work activity. (T at 856).

The ALJ dismissed these documents as lacking an assessment of Plaintiff's functional limitations and as bearing on the question reserved to the Commissioner, *i.e.* whether Plaintiff is disabled. (T at 26-27).

Under the circumstances, however, and particularly given the age of the consultative examinations and the evidence of ongoing, sustained symptoms that post-dated those examinations, further development of the record was required. The ALJ should have re-contacted the treating providers and sought functional assessments and considered whether updated consultative examinations were necessary.

"[A]n ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment." *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

"This 'heightened duty' derives from the fact that a claimant's mental illness may greatly impede an evaluator's assessment of a claimant's ability to function in the workplace, thus necessitating a more thorough review." *Piscope v. Colvin*, 201 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2016).

Underpinning the heightening of the ALJ's duty is a recognition that the records and opinions of treating providers are particularly probative in claims involving mental health. *See Flynn v. Comm'r of SSA*, 729 F. App'x 119, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations."); *see also Marinez v. Comm'r of Soc. Sec.*, 269 F. Supp. 3d 207, 216 (S.D.N.Y. 2017) (noting that treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations.") (citing 20 C.F.R. § 416.927(c)(2)).

Although the Commissioner no longer applies the "treating physician's rule," the duty to develop the record, which includes re-contacting treating physicians when needed to afford the claimant a full and fair hearing based on an adequately developed record, applies to claims governed by the new medical opinion regulations. *See, e.g., Snoke v. Comm'r of Soc. Sec.*, No. 22-CV-3708 (AMD), 2024 WL 1072184, at *9

(E.D.N.Y. Mar. 12, 2024); *Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *7 (E.D.N.Y. Apr. 15, 2023); *Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5 (D. Conn. Mar. 8, 2024); *Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316 (E.D.N.Y. 2023); *see also Ramos v. Comm'r of Soc. Sec.*, No. 20-CV-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023).

  C. Reliance on Counsel

  The Commissioner contends that remand is not appropriate because Plaintiff was represented by counsel, who was responsible in the first instance for ensuring the record was adequately developed.

  Although some courts have found that an ALJ can rely on claimant's counsel to obtain outstanding documents and complete the record, those cases are distinguishable from the present case.

  For example, in *Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005), the panel affirmed the denial of benefits even though the ALJ did not contact or obtain records from the treating physician. But the ALJ in *Jordan* (in addition to holding the record open to allow claimant's counsel to obtain the records) contacted counsel to follow-up on the status of his efforts and counsel responded that the claimant had "nothing further to add to the record." *Id.*

Likewise, in *Frye v. Astrue*, 485 Fed. App'x 484, 488 n.2 (2d Cir. 2012), the panel found the record "fully developed" where the ALJ held the record open "so that counsel could submit additional evidence, *contacted counsel when no further evidence was received*, and, at counsel's request, granted an extension of time to obtain evidence." *Id.* (emphasis added).

In the present case, unlike in *Jordan* and *Frye*, there is no evidence that the ALJ followed up with counsel and counsel never represented that the record was complete.

Importantly, here the ALJ did not take any "independent steps" to ensure the record was complete and cannot be said to have satisfied his duty to develop the record. *See, Colucci v. Acting Comm'r of Soc. Sec.*, No. 19-cv-01412 (KAM), 2021 U.S. Dist. LEXIS 62081, at *17 (E.D.N.Y. Mar. 31, 2021)(distinguishing *Jordan* because "there is no evidence that the ALJ sent a reminder to plaintiff's attorney"); *Sotososa v. Colvin*, No. 15-CV-854 (FPG), 2016 U.S. Dist. LEXIS 152800, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016) ("The Second Circuit has indicated that the ALJ may rely on the claimant's counsel to obtain missing evidence under some circumstances, but it has stopped short of holding that the ALJ may delegate his or her duty to the claimant's counsel. In *Jordan* and *Frye*, the Second Circuit determined that the ALJs satisfied their duty to develop the

record because, even though the ALJs relied on counsel to obtain missing evidence, they also took independent steps to complete the record."); *see also Carr v. Comm'r of Soc. Sec.*, 16 Civ. 5877 (VSB) (JCF), 2017 U.S. Dist. LEXIS 72209, at *29-33 (S.D.N.Y. May 11, 2017).

### D.  Remand

Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court recognizes that Plaintiff applied for benefits more than eight (8) years ago and he has appeared for numerous hearings before multiple ALJs.  However, "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir.1996); *see also Gross v. McMahon*, 473 F. Supp. 2d 384, 386 (W.D.N.Y. 2007); *Batista v. Comm'r of*

*Soc. Sec.*, No. 3:19 CV 1660 (RMS), 2020 WL 6709096, at *5 (D. Conn. Nov. 16, 2020).

Moreover, "[r]emanding 'solely for the calculation of benefits is an extraordinary action and is proper only when further development of the record would serve no purpose.'" *Lynch v. O'Malley*, No. 22-CIV-5620-(CS)(AEK), 2024 WL 728483, at *7 (S.D.N.Y. Feb. 21, 2024)(quoting *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 279 (S.D.N.Y. 2006)).

In a case where there is conflicting medical evidence, as here, a remand for calculation of benefits is not appropriate, notwithstanding the understandable frustration of the claimant (or, indeed, the court) with undue delay and/or repeated failures to follow applicable law and regulations. *See Newell v. Saul,* No. 19-cv-10831 (JLC), 2021 WL 608991, at *23 (S.D.N.Y. Feb. 7, 2021); *Lloyd v. Comm'r of Soc. Sec*., 335 F. Supp. 3d 472, 481 (W.D.N.Y. 2018).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED; and this matter is REMANDED for further administrative proceedings consistent with this Decision and

Order. The Clerk is directed to enter final judgment in favor of Plaintiff and then close the file.

Dated: April 11, 2025　　　　　　　　　　*s/ Gary R. Jones*
　　　　　　　　　　　　　　　　　　　GARY R. JONES
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge